SPOFFORD *et al.* v. PEARSALL' *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

COMPROMISE—CONSTRUCTION OF AGREEMENT.

A compromise agreement by all parties to a controversy concerning the final settlement of executors' and trustees' accounts provided that appellant, to equalize distribution, should pay out of the income "which will become due to him" under the will of his mother, a beneficiary under the will in question, and his distributive share in the estate of his brother, another beneficiary, sufficient for that purpose. The agreement further provided that the parties thereto would not claim arrears of interest or income arising from any of the wills, and that appellant's share

under his brother's will should be placed in trust, to make the agreed payments. No back income was referred to, no provision was made for the payment of any sum to appellant, all the funds out of which any income could arise were disposed of by the agreement, and the only fund from the income under his mother's will out of which appellant could have made the agreed payment never was in fact established, and by reason of insufficiency of assets could not be, and no interest had been earned by it. The will attempting to establish this fund provided for interest thereon from testatrix's death. *Held*, that the agreement, taken as a whole, failed to show any intention to allow appellant interest on the fund so sought to be established from the time of testatrix's death to the time of the compromise, but that a contrary intention was apparent.

Appeal from judgment on report of referee.

Action by Joseph L. Spofford and Paul N. Spofford individually, and as executors and trustees of Paul Spofford, deceased, against Pauline S. Pearsall and others. Plaintiff Joseph L. Spofford individually appeals from the judgment on the ground of its failure to contain certain provisions. Affirmed. For action to construe the will, see 9 N. Y. Supp. 36; and for application to appoint an additional trustee, see 12 N. Y. Supp. 604.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*T. Cleaveland* and *W. V. Rowe*, for appellant J. L. Spofford. *T. G. Shearman*, for defendants Mrs. Pearsall and others. *W. D. Paige*, guardian *ad litem* of T. W. Pearsall, Jr. *W. P. Williams*, for executors of E. W. Spofford, deceased. *Jacob Halstead*, for defendant E. C. Spofford.

ANDREWS, J. This action is brought by the plaintiffs individually, and as executors and trustees under the will of Paul Spofford, deceased, to settle the accounts of the executors and trustees under the will of said Paul Spofford, deceased, from the time of his death, which occurred in October, 1869, to the time of the trial, and to judicially determine and settle the rights and interests of all the parties with respect to the estate of said decedent, and with respect to each other. Paul Spofford died in October, 1869, and left a will, and the plaintiffs Paul N. and Joseph L. Spofford, and their mother, Susan, and Gardner S. Spofford, a brother, now deceased, were named therein as executors and trustees. The testator left, him surviving, Susan Spofford, his widow, the plaintiffs Paul N. and Joseph L. Spofford and Gardner S. Spofford, and the defendants Pauline S. Pearsall, wife of Thomas W. Pearsall, Edward C. Spofford, and Eugene W. Spofford, his children, and only heirs and next of kin. Susan Spofford, the widow, died May 18, 1886, leaving a will. Gardner S. died intestate January 22, 1887, leaving no widow, and but one child, the defendant Adelaide T. Spofford, and the defendant S. Emilie Woodbury was duly appointed administratrix of the personal estate of said Gardner S. The defendant Thomas W. Pearsall was appointed a trustee under the will of Paul Spofford by this court May 10, 1887. Eugene W. Spofford died unmarried, and without issue, August 23, 1887, leaving a will. Neither the plaintiffs nor the defendant Edward C. Spofford have issue. The defendant Pauline S. Pearsall has issue,—three children,—defendants herein. All of the parties are of full age except the defendant Adelaide T. Spofford, an infant under 14, and the defendant Thomas W. Pearsall, Jr., an infant over 14.

By his will the testator, Paul Spofford, gave to his wife, Susan, certain personal property, and after providing for certain annuities, all of which have been paid, gave to his executors, as trustees, separate trust funds of $50,000, to be held for the benefit of each of his six children, with limitations over on the death of the life beneficiary, and then disposed of the residue of his estate as follows: He gave one-fourth thereof to his executors, as trustees, to hold the same upon trust for the benefit of his wife, Susan, during her life, and to pay to her the income during her life, and upon her death he directed the capital to be paid over to all of his children, or their issue her surviving, or to such of his children or their issue then surviving, in such

proportion, equally or otherwise, and upon such trusts for such children and issue, in all respects, as she should by her last will and testament appoint and bequeath the same. He also authorized her by deed or deeds, during her life, to appoint and transfer any part of said one-fourth of his estate to any of his children, or their issue. He then gave the remaining three-fourths of the residue of his estate, in equal shares, to, or in part for the benefit of, his six children. The testator's widow received the income from said fund during her life, and upon her death exercised such power of appointment, and by her will gave to Gardner S. Spofford and Thomas W. Pearsall, as trustees, the sum of $150,000, to be held during the life of her son Joseph L. Spofford, and to pay the income to him during his life, with limitations over upon his death. Her will contained the following provision: "I will and direct that the bequest of $150,000 above made by this second article of my will shall bear interest from my death at the rate of seven per cent. per annum, which interest, from the time of my death up to the making up or creation of the trust fund, or the portions thereof from time to time made up or created, being paid by my general estate, shall be applied and disposed of in like manner as if it had been income accrued from the trust fund after the making up and investment of the same." She also by her will created another trust fund of $150,000 for the benefit of her son, Gardner S., and made the following provision for establishing said two trust funds: "I appoint, devise, bequeath, and direct that there shall be taken and appropriated from the said one-fourth share of the residue of my husband's estate, over which I have the power of appointment aforesaid, such amount thereof as shall be equal to such deficiency of my own estate, to meet and pay the said two bequests of $150,000 each, with interest thereon as aforesaid, and that such amounts so taken and appropriated from such one-fourth of my husband's residuary estate shall go to and be received by the same persons, who shall be trustees of said respective trusts, for the benefit of my sons Joseph L. and Gardner S., respectively." The individual estate of said Susan Spofford amounted to about $50,000 only; and, in order to establish such two funds, it would therefore have been necessary to take from said one-fourth of the estate of the testator, Paul Spofford, the sum of about $250,000; but in point of fact it appears that such trust funds were never established. All the defendants answered, and subsequently an order of reference was made, by which the referee was authorized and directed to hear and determine all the issues in the action, and thereupon the plaintiffs presented accounts, to which numerous objections were made, and a great deal of testimony was taken before the referee. After all this had been done, the parties to the action made a compromise, and signed an agreement, which provided that the judgment to be entered should dispose of and finally settle all matters in controversy between them. Thereafter the referee made a report, which contained elaborate findings of fact, including such agreement of compromise, and also conclusions of law based thereon. The appellant Joseph L. Spofford asked the referee to make further findings, to the effect that he was entitled to receive from the estate of his father the sum of $53,025; and also requested the referee to find as a conclusion of law that the payment to be made by him to Mrs. Pearsall, of $75,000, provided for by the sixth clause of the compromise agreement, should be paid out of said $53,025 and the share of said Joseph L. Spofford in the estate of his brother Eugene. The referee declined to make either of such findings, and the appellant excepted to such refusal, and judgment was subsequently entered in accordance with the referee's report, and from such judgment this appeal is taken.

The sole question presented is whether, under the terms of the compromise agreement, it was the referee's duty to make the findings requested. The record does not contain the evidence taken before the referee, but the pleadings and proceedings had in the action, taken in connection with the report

of the referee and the judgment, disclose undisputed facts, which afford some aid in the interpretation of the compromise agreement. At the time of the death of Paul Spofford, in 1869, he and his sons, the plaintiffs Paul N. and Joseph L. Spofford, and Gardner S. Spofford, now deceased, were copartners in business, under the firm name of Spofford, Tileston & Co. At the time of such death the testator appears to have been indebted in very large amounts of money, and a large part of the assets of said firm and of his individual personal property was hypothecated to secure such debts. Shortly after such death, the plaintiffs and Gardner S. Spofford organized the firm of "Spofford Bros. & Co." That firm also appears to have used in their business the assets of their father in the firm of Spofford, Tileston & Co., and also to have borrowed money on bond and mortgage on the real estate belonging to the testator. The sums so used aggregated very large amounts, and it was claimed by the defendants that the plaintiffs and the share of said Gardner S. should be charged with interest thereon. It was further contended that, if the appellant Joseph L. Spofford was charged with the sums which he had received, and with interest, such amounts would be not only more than equal to his interest in the estate of the testator, but would also be more than his entire interest in the estate of his brother Eugene. The two trust funds of $150,000. each, which the will of Susan Spofford provided should be established for the benefit of Joseph L. and Gardner S. Spofford, were never actually established; the estate of the mother, as above mentioned, being wholly insufficient for that purpose. The appellant Joseph L. Spofford claimed that this trust fund of $150,000 should be established out of the estate of his father, but the defendants contended that the estate of Paul Spofford had been greatly diminished by the improper and unlawful anticipation of the appellant by his own acts, and that he ought not to have such trust fund established for his benefit. This was briefly the situation of affairs, and such were the respective contentions of the parties at the time the compromise agreement was signed. That agreement is an elaborate document, containing many provisions, among which are the following: That the plaintiffs Paul N. and Joseph L. Spofford would resign their positions as trustees under the will of their father, and would consent to the appointment of two trustees in their place, except as to a certain fund of $50,000; that the plaintiffs would make no opposition to the contention of the defendants that the shares of Joseph L. Spofford and Gardner S. Spofford in the residuary estate of their father had been already fully withdrawn by them, and that Paul N. Spofford had already received his share of said residuary estate; that the plaintiffs would co-operate with the defendants in effecting a compromise with Adelaide T. Spofford and her guardian, so that instead of a trust fund of $150,000, which the will of Susan Spofford provided should be established in favor of the father of said Adelaide T., the amount of such trust fund should be only $50,000; that the defendants would not oppose the contention of plaintiffs that the judgment should direct the said trust fund of $150,000, provided for by the will of Susan Spofford, to be paid over to the trustee of Joseph L. Spofford, and to be invested and held as directed by the will; that the plaintiffs would make no claim to commissions, either as executors or trustees; and that Joseph L. Spofford should pay one-half of a certain promissory note held by T. W. Pearsall. The said agreement also contained the following provisions: "(6) Out of the amount of the income which will become due to him to date under the will of Susan Spofford, and out of his share of the estate of Eugene Spofford, Jos. L. Spofford will pay to the trustees of the share, the income of which is payable to Mrs. Pearsall for life under the will of Paul Spofford, the sum of $75,000, for the purpose of equalizing to her and to her children any inequality in the distribution of the estate already effected." "(12) No claim shall be made by any of the parties to this suit for arrears of income or interest upon any of the trust funds created by any of the wills mentioned in the com-

plaint." "(13) For the purpose of securing full payment of all the moneys which may become due and payable from Jos. L. Spofford he will forthwith execute a conveyance of all his interest under the will of Eugene W. Spofford to Thomas T. Shearman, in trust, who shall be authorized, out of any moneys received by him under such conveyance, to make, and who shall make out of such moneys, all payments herein agreed to be made by Jos. L. Spofford. The surplus, after such payments are made, shall be returned to Jos. L."

The question now before the court depends upon the construction to be placed upon the sixth clause of the agreement above quoted; it being claimed by the appellant that the true meaning of that clause was that there should be paid to him from the residuary estate of his father interest upon said trust fund of $150,000 at 7 per cent. from the date of the death of his mother to the date of the execution of such compromise agreement, which interest would amount to said sum of $53,025. If the said sixth clause be considered in connection with the rest of the agreement and in the light of the facts disclosed by the record before us, it is certainly difficult to say exactly what it does mean. But it is comparatively easy to say what it does not mean; and we are entirely satisfied that it does not mean that the sum of $53,025 was to be paid to Joseph L. Spofford out of his father's estate. And we think that there are several reasons which, of necessity, lead to that conclusion.

In the first place, there is no provision whatever in the agreement providing for the payment of that sum to him. The claim that it was the intention of the parties that such sum should be paid to him rests entirely upon an inference, which, it is said, should be drawn from said sixth clause. We think that the absence from the agreement of any provision that such sum should be paid to him conclusively shows that it was not the intention of the other parties to the instrument that such sum should be paid to him. It is incredible to us that an instrument of this character, drawn with such care and elaboration by experienced and eminent counsel, should fail to provide for the payment of this sum, if the parties to the instrument other than Joseph L. Spofford really intended and understood that he was to receive the same.

In the second place, the twelfth clause expressly declares that no claim shall be made by any of the parties to this suit for arrears of income or interest upon any of the trust funds created by any of the wills mentioned in the complaint. It would seem to have been impossible to use language which should more clearly indicate that said sum of $53,025 was not to be paid to the appellant. It is to be remembered that said trust fund of $150,000 had not been established at the time the compromise agreement was signed, and in fact that it then had no existence except in the provision above quoted in the will of Susan Spofford. No interest, therefore, had ever been earned by any such fund. She had provided in her will that said fund of $150,000, which was to be made up out of her own estate and out of the one-fourth of her deceased husband's estate, over which she had the power of appointment, should bear interest at 7 per cent.; and enough was to be taken out of the principal of said one-fourth of her husband's estate to make up not only the $150,000, but the interest thereon; and that interest was to be applied for the benefit of Joseph L. Spofford, in like manner as if it had been "income" accrued from the trust fund. The draughtsman of said twelfth clause, apparently bearing in mind the language used by Susan Spofford in her will, provided that the parties to the suit should not only not claim arrears of interest, but should not claim arrears of income. Of course, this clause, unless modified or restricted by the sixth clause, is fatal to the contention of the appellant. His counsel, however, invokes the rule that, where a contract contains a special provision providing for a particular case, and afterwards contains a general provision, which would cover the particular case but for the special provision, such special provision must prevail over the succeeding general one.

There is no doubt but that the rule is correctly stated. But the difficulty is that it does not apply to the case at bar. If the sixth or any other clause of the agreement had provided that the interest or income upon such trust fund, amounting to $53,025, should be paid to the appellant, then, of course, the general language used in clause 12 would not prevail against such special provision. But such is not the case. Neither said sixth clause, nor, as above stated, any other clause, of the agreement, provides that any portion of said interest shall be paid to Joseph L. Spofford. The provision merely is that out of such income and another fund Joseph L. Spofford will pay Mrs. Pearsall the sum of $75,000. But that is not a provision for the payment of the whole sum of $53,025 to Joseph L. Spofford. It seems to us entirely clear, whatever rights Mrs. Pearsall may have to claim payment out of such income, if the other fund should prove insufficient, Joseph L. Spofford is entirely cut off by said twelfth clause from the right to have said $53,025, or any part thereof, paid to him for his own use.

In the third place, we think that the provisions of the thirteenth clause tend very strongly to support the views above set forth. By that clause Joseph L. Spofford agrees that he will forthwith convey to a trustee all his interest under the will of his brother Eugene. It is declared in said clause that such conveyance is "for the purpose of securing full payment of all moneys which may be due and payable from Joseph L. under this agreement." Appellants' counsel argues that this conveyance, which was not to include the income of said $150,000 trust fund, was for the purpose of security alone. In this, however, the learned counsel is mistaken, as will be seen by an inspection of said thirteenth clause, which, after providing for the execution of the conveyance of said interest to said trustee, then declares that the trustee "shall be authorized, out of any moneys received by him under such conveyance, to make," and he "shall make out of such moneys, all payments herein agreed to be made by Joseph L. Spofford. The surplus, after such payments are made, shall be returned to Jos. L. Spofford." The appellant, by the terms of the agreement, was to pay, as above stated, the $75,000 to Mrs. Pearsall, and also half of a certain note. The papers before us do not show the value of the appellant's interest under the will of his brother Eugene. By the terms of the agreement, however, he was not only to pay the $75,000 to Mrs. Pearsall, but also one-half of a certain note; and he not only authorizes, but directs, his trustee to make both such payments out of said interest, under the will of Eugene W. Spofford, so to be conveyed. It would seem that he must have supposed that such interest was sufficient to cover both of such payments. It is certainly very significant that in this thirteenth clause, when provision was to be made for all the payments required of Joseph L. Spofford by the agreement, a provision was not inserted requiring him to convey to the trustee not only his interest under the will of his brother, but also the income on the trust fund, if it had been supposed by him or the other parties to the contract that such interest was to be resorted to for the making of the payment to Mrs. Pearsall.

In the fourth place, the provisions of the second clause of the agreement also tend strongly to support the position that the appellant's claim is unfounded. In that clause the appellant expressly agrees that he will not oppose the contention upon the part of the defendants that his share in the residuary estate of his father has already been fully withdrawn by him. In view of this concession by the appellant, it would have been extraordinary if the agreement had expressly provided for the payment of $53,025 out of such residuary estate, which is the only fund out of which that sum can be paid; and it would be still more extraordinary if the right of the appellant to receive that very considerable sum out of such residuary estate, in which he conceded he had no interest, is to be inferred from the provisions of said sixth clause.

In the fifth place, by the terms of the compromise agreement, all the funds from which the income referred to in said sixth clause could be paid have been otherwise disposed of.  One fund out of which such income could be paid was the individual estate of Susan Spofford, but that estate did not exceed $50,000, and by the twenty-third clause of the judgment all of that estate is disposed of, and it was therein adjudged that no part of said estate should be used in payment of the trust fund to Joseph L. Spofford.  No appeal is taken from this part of the judgment, and therefore it is final, and conclusive against the appellant.   The only other fund which could be resorted to for the payment of such income was the one-fourth of the estate of Paul Spofford, which was subject to appointment by his widow during her life-time or by her will.    The defendants claim that she had fully exercised this power during her life-time, but the plaintiffs and Adelaide T. Spofford denied this. This dispute was compromised by the fortieth finding of fact, made by consent, to the effect that, after paying $50,000, without interest, to trustees for Adelaide Spofford, and $150,000, without interest, to trustees for Joseph L. Spofford, there was nothing left of the one-fourth of the estate of Paul Spofford upon which Mrs. Spofford's power of appointment could take effect. The two funds out of which alone such income could have been paid having been otherwise applied by consent of the appellant, we see no ground upon which it could be claimed that the remainder of the residuary estate should be resorted to, to pay the income of this trust fund, which had not been established up to the time the compromise agreement was signed.

In the sixth place, it is also significant that the fourth clause, while providing for the establishment of the principal of said trust fund of $150,000 for the benefit of Joseph L. Spofford, in no way refers to the back interest or income thereon.

For all the reasons above set forth, we do not think the inference can be drawn from the sixth clause of the agreement that the income therein referred to, amounting to $53,025, or any part thereof, was to be paid to Joseph L. Spofford for his own use.   But, as was stated at the outset, it is difficult to determine precisely what the provisions of said sixth clause in reference to such income do mean.   The words, "which will become due to him to date," are inconsistent with one another, because, if interpreted according to the grammatical construction, the words "which will become due" refer to such income only as should become due after the date of the agreement.   It is possible that the word "to" was used inadvertently in the place of the word "after."   If that were the case, the words "which will become due" would be appropriate, and the income out of which payments should be made to Mrs. Pearsall would be the income or interest upon the trust fund which should become due after the date of the agreement.   It is also possible that the agreement, as originally drawn, provided for the payment of back interest on said trust fund, but that such provision was stricken out, and by inadvertence the words "to date" were allowed to remain; or it is possible that the words "to date" were originally inserted inadvertently.   But all this, of course, is mere conjecture.   In discussing the question as to the meaning of this clause we have assumed that it was the duty of the court to ascertain, if possible, the intention of all the parties to the instrument, and have discussed such question upon the assumption that there was a common understanding and intent of all the parties who signed the agreement.   It is quite possible, however, and perhaps probable, that there never was any such common intent and understanding as to what interpretation should be put upon said clause.   It may be that, having been inserted in the agreement by some one, the appellant and his counsel were of the opinion that it authorized and required the payment of said sum of $53,025; while, on the other hand, it may have been the opinion of the defendants and their counsel that it did not authorize or require such payment.   Both parties, however, may have decided

to retain the clause, leaving the question to be determined thereafter as to what its real meaning or legal effect was. As already stated, we are entirely clear that it does not authorize or require the payment of said sum of $53,-025, or any part thereof, to the appellant. We think that the utmost legal effect which can be given to the clause is that, in case the interest of the appellant under the will of his brother Eugene should be insufficient to pay Mrs. Pearsall the sum of $75,000, Mrs. Pearsall might, perhaps, have the right to claim that the deficiency should be made up to her from the estate of Paul Spofford, though this is certainly very doubtful. It does not appear what the value of the appellant's interest under the will of his brother Eugene is, and we do not know, therefore, whether that interest will be sufficient to pay the $75,000. However, the question is not before us whether, if that interest is not sufficient to pay the $75,000, the deficiency can be made up out of Paul Spofford's estate; and we do not decide it.

If the legal effect of the provision about income in the sixth clause be not that which we have just suggested, then it appears to us that, so far as the appellant is concerned, the legal effect amounts to nothing. Joseph L. Spofford agrees in that clause to pay Mrs. Pearsall $75,000; but such payments are to be made either out of such income or out of his interest in the estate of his brother Eugene. If those two sources are insufficient to make up the $75,-000, then he is not bound to pay the deficiency, and Mrs. Pearsall cannot look to him for the payment thereof, except from these two sources. By the thirteenth clause of the agreement, which binds all the parties who signed it, Joseph L. Spofford has agreed to convey his interest in the estate of his brother Eugene to a trustee, and that Mrs. Pearsall's claim shall be paid in full out of that interest; and therefore that interest must be exhausted before there can be any possible claim that Mrs. Pearsall should be paid, in whole or in part, out of the income of the trust fund. As already stated, the trust fund was never established, and there never was any interest or income upon it; and if the appellant had agreed to pay, and Mrs. Pearsall has agreed to receive, $75,000, to be paid, in case the appellant's interest in his brother's estate is insufficient, out of a fund which never had any existence, the only legal effect, so far as we can see, is that Mrs. Pearsall must take her chances of realizing such sum out of the appellant's interest in his brother's estate. The judgment appealed from should be affirmed, with costs. All concur.